# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| TALUS CAPITAL LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| LORI JAYNE MOREL, an individual, and ) | JURY DEMAND |
| KELLER ENERGY, LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Talus Capital LLC ("Plaintiff" or "Talus"), by and through counsel, for its claims and causes of action against Defendants, Lori Jayne Morel and Keller Energy, LLC ("Defendants"), states as follows:

### I. PARTIES

1. Plaintiff is a Delaware limited liability company with a principal place of business in the state of Washington.

2. Defendant Lori Jayne Morel is a resident of this District who resides in Byrdstown, Tennessee. Defendant Lori Jayne Morel is the sole manager and member of Defendant Keller Energy, LLC.

3. Defendant Keller Energy, LLC is a Tennessee limited liability company with its principal place of business in Tennessee. Upon information and belief, at all times relevant hereto, Defendant Keller Energy, LLC has conducted regular business and maintained offices in this District. Upon information and belief, Keller Energy, LLC may be served at its principal place of business, 176 Bear Paw Road, Byrdstown, Tennessee 38549-1500.

## II. JURISDICTION AND VENUE

4. Jurisdiction and venue in this Court are appropriate pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2).

6. Defendant Keller Energy, LLC is subject to the personal jurisdiction of this Court because, *inter alia*, Defendant maintains a place of businesses in Tennessee and regularly conducts business in Tennessee and with Tennessee residents.

7. Defendant Morel is subject to the personal jurisdiction of this Court because she is, and was, and at all times relevant thereto, a citizen and resident of Tennessee.

## III. FACTUAL ALLEGATIONS

8. Plaintiff and Defendant Keller Energy, LLC entered a joint venture agreement on or about March 30, 2016 ("Joint Venture Agreement"). A true and authentic copy of the Joint Venture Agreement is attached hereto as Exhibit A.

9. Pursuant to the terms of the Joint Venture Agreement, Defendant Keller Energy, LLC was, among other things, to drill twenty-five (25) vertical wells; rework or deepen fifteen (15) currently or previously producing wells; lease, at minimum, an additional 2,000 acres; perform two (2) sand frack jobs; and, complete a minimum of twenty (20) wells upon various leases in Tennessee and Kentucky.

10. Defendant Keller Energy, LLC agreed to undertake independently and to complete the items set forth in paragraph nine (9) above.

2

11. In accordance with the Joint Venture Agreement, Plaintiff transferred $489,000 to Defendant Keller Energy, LLC on or about April 6, 2016. The money was transferred pursuant to Plaintiff's agreement to provide funding for the Joint Venture.

12. On April 19, 2016, Plaintiff and Defendant Keller Energy, LLC entered into an escrow agreement in which Plaintiff agreed to make a transfer of $1,311,000 to a joint escrow account pursuant to paragraph 4 of the Joint Venture Agreement ("Escrow Agreement"). A true and authentic copy of the Escrow Agreement is attached hereto as Exhibit B.

13. On or about April 21, 2016, $1,311,000 was transferred by Plaintiff into the joint escrow account. The money was transferred into the joint escrow account pursuant to Plaintiff's agreement to provide funding for the Joint Venture.

14. On or about June 6, 2016, in accordance with the Joint Venture Agreement, $500,000 was transferred from the joint escrow account, into which Plaintiff had transferred $1,311,000, to Defendant Keller Energy, LLC, leaving $811,000 in the joint escrow account. The $500,000 was transferred pursuant to Plaintiff's agreement to provide funding for the Joint Venture.

15. The Joint Venture Agreement provides that:

> It is understood and agreed that *any unforeseen costs that may arise during production of a well*, such as pulling of rods, pump replacement *and any other expenses above and beyond normal operating expenses*, will be paid by the Parties, on a pro rata basis, in accordance with their respective Working Interest as set out in the item 4 above; *however, all such costs are subject to approval by all working interest Parties*. . . .

(Exhibit A at ¶ 5(i)) (emphasis added).

16. On or about August 2, 2016, Plaintiff learned that Defendants used approximately $599,000 of the funds transferred to Defendant Keller Energy, LLC for unforeseen costs and expenses above and beyond normal operating expenses and without approval of Plaintiff ("Unapproved Expenses").

17. On August 5, 2016, Defendant Keller provided to Plaintiff an itemization of the $599,000 in Unapproved Expenses as follows:

> Non-Approved expenses owed by Keller to Talus:
> --$599,000:
> Rig repairs on both rigs (includes labor, parts, line and storage fee for sitting) $250,000
> Broker fees: $100,000
> Purchase Dozer, Mack truck and Trailer: $125,000
> Purchase Cable Tool Rig: $30,000
> Money spent by Keller to revive: $69,000
> Personal: $25,000

A true and authentic copy of the itemized list is attached hereto as Exhibit C.

18. After reviewing the Unapproved Expenses, the parties subsequently agreed that the total amount of Unapproved Expenses was not $599,000, but totaled at least $700,000.

19. After Defendant Keller Energy, LLC breached the Joint Venture Agreement and Plaintiff learned of the Unapproved Expenses, the parties agreed a deed of trust would be given to Plaintiff to secure the obligation of Defendant Keller Energy, LLC to secure the reimbursement of the Unapproved Expenses to Plaintiff.

20. On August 15, 2016, Defendant Morel signed a Deed of Trust ("August Deed of Trust") in favor of Plaintiff for the home and surrounding property owned by Morel ("Real Property"). A true and authentic copy of the August Deed of Trust is attached hereto as Exhibit D.

21. Defendant Morel expressly and impliedly promised to file the original August Deed of Trust with the Pickett County Register of Deeds when she sent Plaintiff a copy on August 18, 2017. A true and authentic copy of the August 18, 2016 Morel email is attached hereto as Exhibit E.

22. The Real Property is located at 5702 Eagles Cove Road, Byrdstown, Tennessee 38549, and is more particularly described as:

> Lots 11-17, a portion of land identified on Tax Map 1, Parcel 12.03 and in Deed Book 65, Page 15, Plat Book 2, Page 93, consisting of 11.02 acres, of the Beechwood Lane and Foxwood Circle of record in Plat Book 2, Page 93, of the Pickett County Register's Office, Byrdstown, Tennessee.
>
> Being a portion of the lands described in a Warranty Deed from William Hair and Sandra Hair Esterline to Barry E. Weaver and wife, Shirley A. Weaver, of record in Warranty Deed Book 65, Page 15, Register's Office, Pickett County, Tennessee.
>
> The previous and last conveyance being a Warranty Deed from Barry E. Weaver and wife, Shirley A. Weaver, to Lori J. Morel, of record in Warranty Deed Book 129, Page 363, Register's Office, Pickett County, Tennessee.

23. In the August Deed of Trust, Defendant Morel represented that the Real Property "is free and unencumbered." The Real Property was already encumbered with a Trust Deed and a Notice of Claim of Lien at the time the August Deed of Trust was granted. True and authentic copies of the Trust Deed and Notice of Claim of Lien are attached hereto as Exhibit F.

24. On September 12, 2016, Defendant Morel signed a second Deed of Trust ("September Deed of Trust") in favor of Plaintiff for the same Real Property. A true and authentic copy of the September Deed of Trust is attached hereto as Exhibit G.

25. The September Deed of Trust was given to move the August 31, 2017 repayment date in the August Deed of Trust up to June 30, 2017, to secure the obligation of Defendant Keller

5

Energy, LLC to reimburse Plaintiff for the breach of the Joint Venture Agreement for the Unapproved Expenses, and to secure the obligation of Defendants to Plaintiff for Defendants' obligations under a loan agreement and promissory note, discussed more fully below. (Exhibit G).

26. Defendant Morel expressly and impliedly promised to file the original September Deed of Trust with the Pickett County Register of Deeds. A true and authentic copy of the September 15, 2016 Morel email is attached hereto as Exhibit H.

27. In the September Deed of Trust, Defendant Morel represented that the Real Property "is free and unencumbered." The Real Property was already encumbered with the same Trust Deed and Notice of Claim of Lien at the time the September Deed of Trust was granted as it was encumbered with at the time the August Deed of Trust was granted. (Exhibit F).

28. On September 13, 2016, Plaintiff and Defendants entered a loan agreement ("Loan Agreement"), referenced in the September Deed of Trust. A true and authentic copy of the Loan Agreement is attached hereto as Exhibit I.

29. In order to cure Defendant Keller Energy, LLC's breach of the Joint Venture Agreement, and to fulfill the Loan Agreement, the parties agreed, in the Loan Agreement, that Defendant Keller Energy, LLC must perform 6 new drills, 6 reworks, and 7 completions to fulfill the Joint Venture Agreement, or pay $700,000 by June 30, 2017. (Exhibit I).

30. The Loan Agreement states Plaintiff had contributed to Keller Energy, LLC the principal sum of $700,000, and that Defendants agreed to repay that sum. (Exhibit I).

31. On September 13, 2016, Defendants Morel and Keller Energy, LLC also signed a promissory note ("Promissory Note"), referenced in the September Deed of Trust. A true and authentic copy of the Promissory Note is attached hereto as Exhibit J.

32. The Promissory Note states Plaintiff has contributed the principal sum of $700,000 to Defendants and that Defendants jointly and severally agreed to repay that sum. (Exhibit J).

33. The Promissory Note provides that, if Defendants default on the Promissory Note, Loan Agreement, Deed of Trust, or a separate security agreement, then Plaintiff may declare the principal amount of $700,000, plus any accrued interest, due and payable. (Exhibit J at ¶ 4).

34. The Promissory Note further provides that all costs, expenses, expenditures, and legal costs incurred by Plaintiff to enforce the Promissory Note will be owed by Defendants in the event of a breach of the Promissory Note. (Exhibit J at ¶ 5).

35. The Promissory Note was secured by the September Deed of Trust as well as an additional security agreement.

36. Copies of the August Deed of Trust, September Deed of Trust, Loan Agreement, and Promissory Note bearing original signatures have never been provided to Plaintiff.

37. Plaintiff asked Defendant Morel to provide copies of the September Deed of Trust, Loan Agreement, and Promissory Note bearing original signatures on multiple occasions.

38. Because Plaintiff does not have original copies of the August Deed of Trust and September Deed of Trust, she has not been able to file the documents with the Pickett County Register of Deeds.

39. By June 30, 2017, Defendant Keller Energy, LLC failed to perform 6 new drills, 6 reworks, and 7 completions to fulfill the Joint Venture Agreement or to pay Plaintiff $700,000 as required by the Loan Agreement.

### IV. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT – JOINT VENTURE AGREEMENT
### (DEFENDANT KELLER ENERGY, LLC)

40. Plaintiff incorporates by reference all previous allegations of this Complaint as if the same were fully set forth herein.

41. Defendant Keller Energy, LLC breached the terms of the Joint Venture Agreement by using at least $700,000 of the transferred funds for Unapproved Expenses.

42. Defendant is liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

43. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages of at least $700,000.

### COUNT II
### BREACH OF CONTRACT AND/OR IMPLIED BREACH OF CONTRACT – AUGUST DEED OF TRUST
### (DEFENDANT MOREL)

44. Plaintiff incorporates by reference all previous allegations of this Complaint as if the same were fully set forth herein.

45. The August Deed of Trust is a contract between Plaintiff and Defendant Morel.

46. Defendant Morel breached the August Deed of Trust by failing to provide a copy of the August Deed of Trust bearing Defendant Morel's original signature.

47. Defendant is liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

48. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered damages.

## COUNT III
## BREACH OF CONTRACT AND/OR IMPLIED BREACH OF CONTRACT – SEPTEMBER DEED OF TRUST
## (DEFENDANT MOREL)

49. Plaintiff incorporates by reference all previous allegations of this Complaint as if the same were fully set forth herein.

50. The September Deed of Trust is a contract between Plaintiff and Defendant Morel.

51. Defendant Morel breached the September Deed of Trust by failing to provide a copy of the September Deed of Trust bearing Defendant Morel's original signature.

52. Defendant is liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

53. As a direct and proximate result of Defendant's breach of contract, Plaintiff has incurred suffered damages.

## COUNT IV
## BREACH OF CONTRACT – LOAN AGREEMENT
## (DEFENDANTS MOREL AND KELLER ENERGY, LLC)

54. Plaintiff incorporates by reference all previous allegations of this Complaint as if the same were fully set forth herein.

55. Defendants breached the Loan Agreement by failing to perform 6 new drills, 6 reworks, and 7 completions or paying Plaintiff the principal amount of $700,000, plus any accrued interest or other charges, on or before June 30, 2017.

56. Defendants are liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

57. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages of at least $700,000.

## COUNT V
## BREACH OF PROMISSORY NOTE
## (DEFENDANTS MOREL AND KELLER ENERGY, LLC)

58. Plaintiff incorporates by reference all previous allegations of this Complaint as if the same were fully set forth herein.

59. Defendants breached the Promissory Note by failing to pay Plaintiff the principal amount of $700,000 plus any interests or costs, expenses, or expenditures on June 30, 2017.

60. Defendants are liable to Plaintiff pursuant to the Tennessee common law of breach of contract.

61. As a direct and proximate result of Defendants' breach of contract, Plaintiff has incurred damages of at least $700,000.

## V. RELIEF REQUESTED

Plaintiff requests the following relief:

1. An award of compensatory damages in an amount to be determined at trial;

2. An award of all costs, expenses, and expenditures incurred to enforce the Loan Agreement and Promissory Note;

3. An award of interest at the rate of 5% per annum pursuant to the Promissory Note;

4. An award of attorney's fees and expenses;

5. Pre-judgment interest;

6. That the Court declare that Defendants must provide Plaintiff with original copies of the August Deed of Trust and September Deed of Trust bearing original and notarized signatures of Defendant Morel; and,

7. Such other and further relief which the Court deems just and appropriate.

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a jury to try this case and to determine issues of liability and the amount of damages to be awarded.

Respectfully submitted by:

_____
J. Ross Pepper (BPR#14444)
Sara R. Ellis (BPR#30760)
PEPPER LAW, PLC
201 Fourth Avenue North, Suite 1550
Nashville, Tennessee 37219
Phone (615) 256-4838
rpepper@pepperlawplc.com
sellis@pepperlawplc.com

**ATTORNEYS FOR PLAINTIFF**